UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Mutanan Ali**, <br><br> Plaintiff, <br><br> v. <br><br> **Fargona Inc. d/b/a Silk Road Transportation**, an Ohio Corporation, and **Diliyor Yusupov**, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Mutanan Ali ("Plaintiff"), sues the Defendants, Fargona Inc. d/b/a Silk Road Transportation, and Diliyor Yusupov ("Defendants" or "Silk Road Transportation"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Ohio Revised Code Ann. ("ORC") § 4111; and ORC § 4113 for Defendants' failure to pay Plaintiff all earned minimum wages and all earned wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. ORC § 4111 establishes the law regarding minimum wage within the State of Ohio.

4. ORC § 4113 establishes the law regarding the payment of wages within the State of Ohio.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all material times, Plaintiff is an individual residing in Medina County, Ohio and is a former employee of Defendants.

8. At all material times, Defendant Fargona Inc. d/b/a Silk Road Transportation is a corporation licensed to transact business in the State of Ohio. At all material times, Defendant Fargona Inc. d/b/a Silk Road Transportation does business, has offices, and/or maintains agents for the transaction of its customary business in Medina County, Ohio. At all material times,

Defendant Fargona Inc. d/b/a Silk Road Transportation owns and operates as "Silk Road Transportation."

9. Defendant Fargona Inc. d/b/a Silk Road Transportation is an Ohio corporation, authorized to do business in the State of Ohio and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10. Under the FLSA, Defendant Fargona Inc. d/b/a Silk Road Transportation is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Fargona Inc. d/b/a Silk Road Transportation had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Fargona Inc. d/b/a Silk Road Transportation is subject to liability under the FLSA.

11. Defendant Diliyor Yusupov is an owner of Fargona Inc. d/b/a Silk Road Transportation and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d). Defendant Diliyor Yusupov has caused events to take place giving rise to the claims in this Complaint.

12. Under the FLSA, Defendant Diliyor Yusupov is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Diliyor Yusupov is an owner of Fargona Inc. d/b/a Silk Road Transportation. At all relevant times, Diliyor Yusupov had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection

-4-

with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Silk Road Transportation's employees, Diliyor Yusupov is subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. At all material times, Defendants are Plaintiff's "employer" as defined by Ohio Revised Code § 4111, *et seq.*

20. At all material times, Defendants are Plaintiff's "employer" as defined by Ohio Revised Code § 4113, *et seq.*

21. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

22. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

23. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

25. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

26. Plaintiff, in his work for Defendants, regularly communicated with individuals using the telephone and other instruments of interstate commerce.

## NATURE OF THE CLAIM

27. Defendants own and/or operate as Silk Road Transportation, an enterprise located in Medina County, Ohio.

28. Plaintiff was hired by Defendants in approximately early November 2022 and worked for Defendants as a driver for approximately one week.

29. Defendants hired Plaintiff to work as a truck driver.

30. Defendants, in their sole discretion, agreed to pay Plaintiff approximately $0.82 per mile.

31. Between November 9, 2022, and November 14, 2022, Defendants assigned Plaintiff three different loads to transport between various locations, including:

    a. Load 1: Chatsworth, GA to Fort Wayne, IN;

    b. Load 2: Fremont, OH to Fairfield, CA; and

    c. Load 3: Modesto, CA to Layton, UT.

32. Defendants paid Plaintiff no wages whatsoever for the sole workweeks of his employment.

33. During that time period, Plaintiff worked approximately between 60 and 70 hours total for Defendants.

34. Plaintiff should have been compensated for such hours but never was.

35. After not receiving payment for the work he performed, Plaintiff inquired with Defendants as to when he would be paid.

36. First, Defendants promised a pay date of December 7, 2022. After that, Defendants then promised they would pay him by December 13. However, Defendants never paid Plaintiff for the work he performed for them.

37. To date, Defendants still have not compensated Plaintiff for the hours he worked in his sole workweek of employment with Defendants.

38. As a result of not having paid any wage whatsoever to Plaintiff for sole workweek of his employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

39. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

40. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated ORC § 4111.

41. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated ORC § 4113.

42. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his sole workweek of employment with Defendants.

43. Defendants have and continue to violate ORC § 4111 by not paying Plaintiff the full applicable minimum wage for all hours worked during his sole workweek of employment with Defendants.

44. Defendants have and continue to violate the ORC § 4113 by not paying Plaintiff any wage whatsoever for all time worked during his sole workweek of employment with Defendants.

45. Plaintiff is a covered employee within the meaning of the FLSA.

46. Plaintiff is a covered employee within the meaning of ORC § 4111.

47. Plaintiff is a covered employee within the meaning of ORC § 4113.

48. Plaintiff was a non-exempt employee.

49. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

50. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

51. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

52. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal to twice the

unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under ORC § 4111 and §34(a) of Article II of the Ohio Constitution.

53. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under ORC § 4113.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during his sole workweek of employment with Defendants.

56. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

57. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Mutanan Ali, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: OHIO REVISED CODE § 4111.01
## FAILURE TO PAY MINIMUM WAGE

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during his sole workweek of employment with Defendants.

60. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates ORC § 4111.01.

61. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Mutanan Ali, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: OHIO REVISED CODE § 4113
## FAILURE TO PAY WAGES OWED

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the time that Plaintiff worked for them during his sole workweek of employment with Defendants.

64. Defendants' practice of willfully failing to pay Plaintiffs wages for labor performed violates ORC § 4113.

65. Plaintiff is therefore entitled to compensation for his full applicable wage rate, to be proven at trial, plus liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Mutanan Ali, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 19th Day of January, 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com

-11-

## VERIFICATION

Plaintiff, Mutanan Ali, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

_____
Ali (Jan 19, 2023 19:17 EST)
Mutanan Ali